Parker, C. J.
We have come to the conclusion, in this case, that the plea in bar is good, and that the replication is not a sufficient answer to it.
The point brought in issue by the pleadings is whether, when an estate has been represented insolvent, commissioners appointed to liquidate the claims of creditors, and other proceedings arc had which are usual in such cases, any creditor may sue the administrator as at common law, provided the estate proves solvent as to all the debts reported by the commissioners. And we are clearly of opinion that he cannot, and that the only remedy which creditors have, when there is an apparent insolvency of the estate, is to file their claim before the commissioners, and, if rejected, to give the notice and bring the action at common law, as is provided by the statute.
* The words of the statute are peremptory, and will not admit of explanation or construction. “ No action brought against any executor or administrator, after the estate shall be represented insolvent, shall be sustained, except,” &c. And the reason is apparent; for, otherwise, the settlement of estates would be greatly delayed, the funds would be diminished by costs of court, and other inconveniences would take place, which the statute was intended to avoid.
It is enough that the right to trial by jury is preserved, in case the decision of the commissioners is unsatisfactory. But the legislature had a right to require that the creditor should first submit his claim to the examination of commissioners, who have the right to balance the accounts and to make the proper set-offs, and to report only the sum which may be finally due, instead of leaving it to the creditor’s will and pleasure to bring his action when he pleases, and to embarrass the estate by suits at law, which, in most instances, when the demand is against the estate of a person deceased, are quite unnecessary.
*246 It was said, however, that the legislature, in enacting the statute, contemplated only an actual insolvency ; whereas, by the pleadings in this case, it appears that the estate of the deceased, which had come to the hands of the administrator, exceeded the amount of the claims reported by the commissioners by more than 1500 dollars.
But it is clear that it was not intended to limit the provision to cases of actual insolvency only. How shall it be known whether an estate is solvent or insolvent, if the creditors, instead of being obliged to present their claims within the time prescribed by law, may institute suits at pleasure, and prosecute them as leisurely as they please ? The very debt which has been withheld from the commissioners might, if presented, have made the estate insolvent; and if one creditor has a right to sue, so have all. Judgments at common law may be rendered, and executions awarded, and the property of the deceased taken, when those very judgments may exceed the value of all the funds in the * hands of the administrator. We are persuaded that the legislature intended, and for the best of reasons, that whenever the estate of a person deceased was represented insolvent, there should be no action brought against it; except in the case provided for, of a dissatisfaction with the determination of the commissioners, without regard to the eventual situation of the estate.
In some cases, where notice may not have reached the creditor, or where he has been unable to present his claim seasonably, this would operate hardly, if the judge of probate had not power to enlarge the time. But this discretionary power in the judge removes all difficulty.
In the present case there can be no pretence of hardship, for the claim was filed with the commissioners, and rejected by them. It must have been owing, therefore, to gross carelessness, or a voluntary abandonment of the claim to recover which the present action was brought, that notice was not given in the manner prescribed by the statute, (a)

Replication adjudged bad.

 Johnson vs. Ames, 6 Pick. 333.