## BENJAMIN PETTEE *vs.* ALFRED CASE.

The condition of a mortgage, which provides that the mortgagor " shall well and comfortably support and maintain " the mortgagees, " in sickness and in health, for and during their and each of their natural lives, providing things necessary for their comfort and comfortable subsistence while in health, and suitable medical attendance and nursing when sick, during the term of their natural lives as aforesaid," is broken, if the mortgagor, after knowledge that they are at a reasonable place, where they intend to receive their support, declares to the person in whose family they are that he will not pay for their board there, and afterwards neither pays nor offers to pay anything therefor, although no special demand upon him is made for such support.

WRIT OF ENTRY, originally brought against Alfred Case and Eleanor his wife, and, since the death of the latter, prosecuted against Alfred Case alone. The demandant claimed title under a deed from Venus Macomber and Weltha, his wife, dated April 7, 1856, releasing the premises to him; and under a mortgage to them from Alfred and Eleanor Case, dated May 4, 1850, with this condition : " Provided, nevertheless, that if the said

Alfred and Eleanor, their heirs, executors or administrators, shall well and comfortably support and maintain the said Venus and Weltha Macomber, in sickness and in health, for and during their and each of their natural lives, providing things necessary for their support and comfortable subsistence while in health, and suitable medical attendance and nursing when sick, during the term of their natural lives as aforesaid, then this deed shall be absolutely void," &c. On the 27th of January 1852, Venus Macomber entered upon the premises for foreclosure, and made a certificate thereof upon record, under the statute.

At the trial in the superior court, before *Rockwell*, J., in order to show a breach of condition of the mortgage, before the entry, the demandant introduced evidence tending to show that on the 15th and 16th of January 1852 the mortgagees respectively left the house of the tenant in Berkley, where they had been living, and came to the house of the demandant, who was their son-in-law, in Taunton, and lived there for four years, the tenant neither paying nor offering to pay anything for their board. The demandant testified that after they came to his house, and before the entry for foreclosure, he met the tenant, who said to him, in substance : " Well, you have got the old folks, and you may keep them till God takes them, and I will not pay any board for them ; " to which the demandant replied that if Case did not pay for their board, he should look to the property to pay it. There was also evidence of a declaration by Case, at another time, that he would not pay for their board at the demandant's.

The demandant requested the court to instruct the jury that, if they believed this evidence, no specific demand for pay by him was necessary ; and if, in addition to this, the tenant did not pay or offer to pay anything for their board, it would constitute a breach of the condition of the mortgage. The judge declined to do so, and gave different instructions, which it is unnecessary to state in full.

The jury returned a verdict for the tenant, and the demandant alleged exceptions.

*C. I. Reed & J. E. Sanford*, for the demandant.

*E. H. Bennett*, for the tenant, cited *Lamb* v. *Clark*, 29 Verm. 273; *Bradstreet* v. *Clark*, 21 Pick. 389; *Shirley* v. *Shattuck*, 4 Cush. 470; *Connor* v. *Bradley*, 1 How. (U. S.) 211; *Eastman* v. *Batchelder*, 36 N. H. 141; *Bethlehem* v. *Annis*, 40 N. H. 34; *Clinton* v. *Fly*, 1 Fairf. 292.

METCALF, J. The only question now before the court is, whether the jury were rightly instructed as to what it was necessary that the demandant should prove in order to show that the tenant had committed a breach of the condition of his mortgage before an entry was made on the demanded premises for the purpose of foreclosure. And we are of opinion that the jury should have been instructed that if the tenant — knowing that Venus and Weltha Macomber were at the demandant's house, intending to reside and be supported there — declared that he would not support them there, and omitted to do anything towards their support there, before entry for foreclosure was made, this was a breach of the condition of the mortgage, although no special demand for such support was made on him. He was bound to support the mortgagees, without their making any demand for support. And they were not bound to receive support at his house, but had a right to be supported wherever they might choose to live, provided they caused no needless expense to him. *Wilder* v. *Whittemore*, 15 Mass. 263. On their removal to the demandant's house, notice of that fact, and of their intention to receive support there, was all that was necessary for the purpose of obliging him to furnish it. Besides; the tenant, by declaring that he would not furnish support at the demandant's house, would have made a demand unnecessary, even if it had been necessary before such declaration. *Brigham* v. *Clark*, 20 Pick. 51.

There is, undoubtedly, some error or omission in the copy of the instructions furnished to us, which greatly obscures their meaning. But neither party has asked to have the copy corrected, and we must take it as it is. And as we cannot there find that the jury were clearly instructed that they could return a verdict for the demandant, if the tenant, after the mortgagees left his house, and before entry was made for foreclosure, had

notice of their intention to be supported at the demandant's house, and failed to do anything towards their support there, although no special demand for such support was made on him, the exceptions are sustained, and a                *New trial granted.*